IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1697-K-BN |
| | § | |
| DALLAS COUNTY JAIL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Daniel Perez, then detained pretrial at the Dallas County jail, initially filed a *pro se* civil rights action raising various claims related to the conditions of his confinement. *See, e.g.,* Dkt. No. 3. United States District Judge Ed Kinkeade referred Perez's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Perez leave to proceed *in forma pauperis* under the Prison Litigation Reform Act (PLRA), *see* Dkt. No. 25, and, to screen his claims under the PLRA, the Court entered a Notice of Deficiency, requiring that Perez file an amended complaint, *see* Dkt. No. 26.

Through his amended complaint [Dkt. No. 36], Perez now alleges claims against multiple (named and unnamed) jail employees related just to the medical care that he has received at the jail. To further advance the pre-service screening, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, of these claims – limited to allegations that the medical care that Perez received while incarcerated violated his constitutional rights

– the Court ordered Dallas County Sheriff Marian Brown to undertake a review of the subject matter Perez set out in the operative (amended) complaint to ascertain the facts and circumstances relevant to his claims and to gather any jail and medical records related to his claims and compile a written report, under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), including, as appropriate, copies of pertinent rules and regulations; witness statements (in the form of affidavits or declarations); and applicable medical and jail records (with an authenticating business records affidavit) [Dkt. No. 38] (the *Martinez* report).

The *Martinez* report was filed. *See* Dkt. Nos. 47, 48. Perez replied. *See* Dkt. Nos. 52-55. And, considering Perez's amended allegations in support of his medical-care claims and the authenticated medical records submitted through the *Martinez* report, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court dismiss this action with prejudice.

**Legal Standards**

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015)

- 3 -

(per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the *in forma pauperis* (IFP) statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include

- 4 -

sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere

conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

And, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

A *Martinez* report – like an evidentiary hearing held under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) – is "a tool" to be used to further develop the factual basis of an *in forma pauperis* or prisoner complaint, to determine whether *sua sponte* dismissal is appropriate. *Wiley v. Thompson*, 234 F. App'x 180, 182 (5th Cir. 2007) (per curiam) (recognizing that the Fifth Circuit has "adopted the *Martinez* report as a tool" and citing *Cay v. Estelle*, 789 F.2d 318, 323 n.4, 324 (5th Cir. 1986)

("Regardless of the means used to develop the factual basis of a claim, dismissal under [either 28 U.S.C. § 1915(e) or § 1915A] is appropriate whenever it becomes clear that an IFP [or prisoner] complaint is without merit."), *overruled on other grounds by Denton v. Hernandez*, 504 U.S. 25 (1992)); *accord Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915." (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

But information provided through "[a] *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020) (per curiam) (collecting cases).

"'A bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* report are less specific or well-documented than those contained in the report.'" *Shabazz*, 980 F.2d at 1334-35 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)). "A plausible factual allegation, even if it lacks evidentiary support, is not 'frivolous' as contemplated by § [1915(e)], even though it may not survive a motion for summary judgment." *Hall*, 935 F.2d at 1109. And, "[b]ecause pro se litigants may be unfamiliar with the requirements to sustain a cause of action, they should be provided an opportunity to controvert the facts set

out in the *Martinez* report." *Id.*[1]

## Analysis

Perez's claims are difficult to decipher. But, as to the medical-care claims alleged in the operative complaint, because "pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc).

The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as ... those available to a convicted prisoner,'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original

---

[1] *See also Bailey v. Vincent*, 694 F. App'x 283, 284 (5th Cir. 2017) (per curiam) ("[A]lthough the State raised affirmative defenses in its *Martinez* report, *Bailey* has shown no error in the district court's reliance on the report, which was otherwise proper under the circumstances." (citing *Parker v. Carpenter*, 978 F.2d 190, 191 n.2 (5th Cir. 1992) (approving the Tenth Circuit's *Martinez v. Aaron* procedures as a means "to enable the trial court to make a determination of frivolity" (cleaned up)))); *Ruiz v. Mercado*, Civ. A. No. M-14-1921, 2016 WL 1166040, at *2 (S.D. Tex. Feb. 10, 2016) ("A court may base a dismissal under 28 U.S.C. § 1915(e) 'on medical or other prison records if they are adequately identified and authenticated,' such as those included in a *Martinez* report, and medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference to serious medical needs. However, 'a *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits.'" (citations omitted)), *rec. adopted*, 2016 WL 1162264 (S.D. Tex. Mar. 23, 2016).

brackets omitted).

And, as to these protected basic needs, "[c]onstitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dall. Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare*, 74 F.3d at 644-45); *accord Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020). An "episodic act or omission" claim requires a pretrial detainee to prove that "an official acted or failed to act with subjective deliberate indifference to the detainee's rights, as defined in *Farmer v. Brennan*, 511 U.S. 825 (1994)." *Hare*, 74 F.3d at 636.

"For a conditions-of-confinement claim, unlike an episodic-act-or-omission claim, a plaintiff is not required to prove deliberate indifference." *Elder v. Hockley Cnty. Commr's Court*, 589 F. App'x 664, 669 (5th Cir. 2014) (per curiam) (citing *Duvall v. Dall. Cnty., Tex.*, 631 F.3d 203, 207 (5th Cir. 2011) (per curiam) (citing, in turn, *Hare*, 74 F.3d at 644)). Instead, "the plaintiff need only show that such a condition, which is alleged to be the cause of a constitutional violation, has no reasonable relationship to a legitimate governmental interest" because, as to such a claim, "'an avowed or presumed intent by the State or its jail officials exists in the form of the challenged condition, practice, rule, or restriction.'" *Duvall*, 631 F.3d at 207 (quoting *Hare*, 74 F.3d at 644).

"Despite the practice of differentiating between these two tests, 'the reasonable-relationship test employed in conditions cases is "functionally equivalent to" the deliberate indifference standard employed in episodic cases.'" *Coker v. Dall.*

*Cnty. Jail*, No. 3:05-cv-05-M, 2007 WL 3022575, at *16 (N.D. Tex. Oct. 17, 2007) (quoting *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997) (en banc)); *see also Scott*, 114 F.3d at 54 ("[I]n *Hare* we carefully noted that the reasonable-relationship test employed in conditions cases is 'functionally equivalent to' the deliberate indifference standard employed in episodic cases." (citing *Hare*, 74 F.3d at 643, 646)). "Thus, the *Farmer* deliberate indifference standard is the appropriate standard for all denial of medical care claims under the Eighth and Fourteenth Amendments." *Coker*, 2007 WL 3022575, at *16 (citing *Hare*, 74 F.3d at 645).

"'Deliberate indifference is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). That is, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("'[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.' Rather, 'the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."'"

(citations omitted)).

So, alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton*, 122 F.3d at 292.

The facts Perez presents to this Court do not show that jail officials have ignored his complaints or otherwise shown "a wanton disregard for [his] serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

In this regard, while the Court may not use the *Martinez* report "to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits," *Newby*, 325 F. App'x at 354; *see also Cardona*, 828 F. App'x at 201, conclusory factual allegations are not material. And the Court may dismiss deliberate indifference claims as frivolous under Sections 1915(e) and 1915A based on its review of a plaintiff's medical records adequately identified and authenticated through a *Martinez* report. *See, e.g., Ruiz*, 2016 WL 1166040, at *2 (citing *Banuelos v. McFarland*, 41 F.3d 232, 234-35 (5th Cir. 1995) ("[D]ismissals [under Section 1915(e)] can be based on 'medical and other prison records' if they are 'adequately identified or authenticated.'… The district court held that Banuelos' medical-care 'claim does not involve a medical problem that is serious nor does it involve deliberate indifference.' Because this is supported by Banuelos' medical records, the district court did not err by dismissing this claim as frivolous." (citing *Wilson v. Barrientos*, 926 F.2d 480, 482-84 (5th Cir. 1991)))).

Perez's authenticated, voluminous medical records identified in the *Martinez*

report – more than 1,200 pages, *see* Dkt. No. 47 at 16-19; Dkt. No. 48-1 at 119-452; Dkt. No. 48-2; Dkt. No. 48-3 at 1-209; *see also* Dkt. No. 48-1 at 57-58 – consistent with his amended allegations – do not demonstrate that he was either refused treatment, ignored, or treated incorrectly or otherwise evince behavior that could show a wanton disregard for a serious medical need. And, because further leave to amend would be futile, this case should now be dismissed with prejudice. *See Nixon*, 589 F. App'x at 279; *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 484 (5th Cir. 2021) ("The district court already provided them an opportunity to amend, however, and the amended complaint is still deficient. Moreover, the plaintiffs do not indicate how they would cure their complaint if given another chance to amend. Thus, the district court did not abuse its discretion in denying leave to file a second amendment." (citing *Benfield v. Magee*, 945 F.3d 333, 339-40 (5th Cir. 2019))).

## Recommendation

The Court should dismiss Plaintiff Daniel Perez's claims as amended with prejudice under 28 U.S.C. § 1915A and count this dismissal as a strike under 28 U.S.C. § 1915(g).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 31, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE